# CASES IN THE SUPREME COURT

## AUSTIN ET AL. vs. LATHAM.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

Where the attorney at law makes the affidavit for an attachment, he need not state that he is attorney in fact.

If the pleadings state the non-residence of the plaintiffs, their absence, and right of their attorney to make affidavit for them, will be presumed, when the contrary is not alleged or shown.

The surety in an attachment bond need not be owner of real estate or a freeholder, so that he is solvent and resides within the jurisdiction of the court.

Presentation and demand of "the book-keeper," of the makers of the note at their counting room, is a sufficient demand, without giving the name of the clerk or book-keeper.

So notice of protest left "on board the Brig A, with the *mate*, which vessel he commands," is sufficient to bind the endorser, without naming the mate.

The endorser cannot complain that he received earlier notice by sending it on board his ship, than if sent by mail as required by law.

The endorsement of defendant need not be proved when he does not specially deny it.

An affidavit for a new trial, on the ground of newly discovered evidence, is insufficient, if it does not state the evidence was discovered *since* the trial.

This is an action against the endorser of a promissory note, grounded on an attachment. The defendant set up several matters in defence. There was judgment against him and he appealed.

*Emmerson*, for the plaintiffs.

*Crawford*, for the appellant.

*Garland, J.* delivered the opinion of the court.

This is an action by the holders of a promissory note against the payee as endorser, commenced by attachment, which was levied on the defendants's interest in the Brig Cuba. A few days after filing the petition, the defendant took a rule on the plaintiffs to show cause why the attachment should not be set aside :

1st. Because the affidavit made by the plaintiffs' attorney did not state whether it was taken as agent or attorney in fact of said plaintiffs.

2d. It does not appear by the record that the plaintiffs were absent at the inception of the suit, so as to authorize the intervention of an agent or attorney.

3d. Because the surety in the attachment is insufficient; not being a free-holder.

The Judge of the Commercial Court overruled these objections. The defendant then answered, denying generally all the allegations in the petition; there was judgment against him, and he appealed.

In this court the counsel for defendant, relies upon his objections to the attachment, which we will dispose of before proceeding to the merits.

I. The affidavit is made by the attorney at law of the plaintiffs, and it was therefore not necessary to state he was the attorney in fact.

II. The petition states the plaintiffs are residents of another State, and if the defendant wished to avail himself of any insufficiency in the affidavit, he ought to have directly denied their absence or alleged their presence, so as to enable them to have met him by evidence; but he has chosen to appeal to the record and must be bound by its contents. It states their non-residence, which raises a presumption of absence.

III. The law does not require that the surety on an attachment bond shall be the owner of real estate or a free-holder. The article 245 of the Code of Practice says he shall be a good and solvent person residing within the jurisdiction of the court, and the solvency of the surety is not denied.

On the trial of the case, the defendant objected that the protest and notice were not sufficient to charge him; because the name of the clerk of the drawers to whom the note was presented for payment is not given. The notary says he "presented said note to the book-keeper of Renshaw & Rogers at their counting room in this city, and demanded payment, &c." This is in our opinion a sufficient demand. The person to whom the note was presented was designated by his occupation and the position he occupied in the house of the drawer as dis-

12    VOL. XIX.

---

*Margin notes:*

EASTERN DIS.
*June*, 1841.

AUSTIN ET AL.
*vs.*
LATHAM.

Where the attorney at law makes the affidavit for an attachment, he need not state that he is attorney in fact.

If the pleadings state the non-residence of the plaintiffs, their absence, and right of their attorney to make affidavit for them, will be presumed, when the contrary is not alleged or shown.

The surety in an attachment bond need not be owner of real estate or a free-holder, so that he is solvent and resides within the jurisdiction of the court.

Presentation and demand of "the book-keeper," of the makers of the note at their counting room, is a sufficient demand, without giving the name of the clerk or book-keeper.

The endorser cannot complain that he received earlier notice by sending it on board his ship, than if sent by mail as required by law.

The endorsement of defendant need not be proved when he does not specially deny it.

An affidavit for a new trial, on the ground of newly discovered evidence, is insufficient, if it does not state the evidence was discovered *since* the trial.

tinctly as if his name had been given, and it would not have been difficult to have found him, if the defendant supposed his testimony would have been of any service to him.

It is further objected the notice of non-payment was insufficient. The Notary says, "notice to B. R. Latham, left on board of Brig Apalachicola with the mate, which vessel he commands." We have no doubt this is sufficient, although the name of the Mate is not given. It has been held in various cases, that leaving a notice at the store of an endorser with his clerk without naming him is sufficient; 14 *La. Rep.* 494; 15 *Idem* 51, 113, 115.

It is contended that as the defendant was a non-resident notice ought to have been sent him by mail. It would perhaps have been sufficient if the Notary had done so, but as he was at the time in the city, he complains with very little grace of a more prompt notice, whereby an earlier opportunity was given him of proceeding against the drawers for indemnity.

There was no necessity of proving the endorsement of the defendant, as he had not specially denied it; and the evidence satisfactorily establishes the signature of the intermediate endorser.

The affidavit upon which the application for a new trial is based is insufficient, as it is not stated that the evidence mentioned was discovered after the trial, and no diligence is shown to procure it previously.

The judgment of the Commercial Court is therefore affirmed with costs.