KINNEY & GOODRICH VS. HEALD.

An affidavit for attachment, containing all the substantial requirements of the statute, and filed before the issuance of the writ, is sufficient, though not "entitled," nor attached to any of the original papers in the cause.

An action will lie at the suit of a drawer of a bill of exchange, against the acceptor, upon presentment to, and refusal to pay by the acceptor, and payment by the drawer: And such bill, with endorsement of acceptance, is admissible in evidence for the plaintiff.

The cases of *State Bank vs. Conway*, 13 *Ark.* 305, and *Jones vs. Gatlin*, 16 *Ib.* 35, as to the practice on motions for new trial, cited and approved.

*Writ of Error to Sebastian Circuit Court.*

Hon. FELIX J. BATSON, Circuit Judge.

WATKINS & GALLAGHER, for the appellants.

Mr. Justice HANLY delivered the opinion of the Court.

This was an action of assumpsit, commenced by attachment, brought by the defendant in error, against the plaintiffs, in the Sebastian Circuit Court. The declaration was as follows: "For that, whereas the said plaintiff, on the 19th day of April, 1853, at New Orleans, in the State of Louisiana, *to wit*, at the county of Sebastian, made his bill of exchange in writing, dated on that day, and directed the same to the said defendants, to pay to the order of Hume & Butt, $836 19, and then and there delivered the same to the said Hume & Butt; and the said defendants then and there accepted the same, and promised the said plaintiff to pay the same, according to the tenor and effect thereof, and of their acceptance thereof. Yet they did not pay the amount thereof, although the said bill was then presented to them, on the day when it became due, and thereupon, the same was then and there

returned to the plaintiff; of all of which, the defendants then and there had notice, and then and there, in consideration of the premises, promised to pay," &c., with the usual breach, and damage, &c.

The affidavit upon which the attachment was issued, is in these words:

"We," (the attorneys for the plaintiff—naming them,) "do depose and say, that the defendants" (naming them,) "are justly indebted to *John H. Heald*, in the sum of $836 19, which sum is now due, and that the said defendants" (naming them,) "are not residents of the State of Arkansas."

It appears, from the bill of exceptions taken during the progress of the trial, that the above affidavit was written on a separate piece of paper, not "entitled," nor connected with, or attached to any of the original papers in the cause.

The plaintiffs in error pleaded *non assumpsit*, and excepted to the sufficiency of the above affidavit. The exceptions to the affidavit were considered by the court, and overruled, for which, the plaintiffs in error excepted.

The issue upon the plea of *non assumpsit*, was submitted, by consent, to the court, sitting as a jury; and the defendant in error, to maintain the issue on his part, produced, and offered to read as evidence, a bill of exchange, which is as follows:

"$836 19.	NEW ORLEANS, *April 9th* 1853.

Pay to the order of Hume & Butt, eight hundred and thirty-six 19-100 dollars, value received, and charge the same to account of

J. HEALD,

PER JOHN PHELPS.

To Messrs. KINNEY & GOODRICH,

*Fort Washita*."

This bill was duly accepted by the plaintiffs in error, and the introduction and reading of which, were objected to by them at

the trial, and their objection overruled by the court, and the same permitted to be read as evidence for the defendant in error: to which, the plaintiffs in error excepted at the time, and set out in the bill, that the above facts were all the evidence introduced at the trial. On these facts, the court found for, and rendered judgment in behalf of the defendant in error, for the amount of the bill of exchange, and interest, and the plaintiffs brought error.

Three errors are assigned and relied upon for the reversal of the judgment of the Circuit Court.

1. Because the Circuit Court refused to sustain the exceptions of the plaintiffs in error, to the affidavit for attachment.

2. Because the Circuit Court overruled the objection of the plaintiffs in error, to the introduction as evidence, by the defendant, of the writing sued on.

3. Because the judgment is in favor of the defendant in error, when it should have been for the plaintiffs.

1. The first error assigned, does not seem to be much relied on by the plaintiffs, as it is not noticed in the brief of counsel, or alluded to in their argument. As far as we can judge, from the face of the affidavit, on which the attachment issued, it contains all the substantial requirements of the statute. The mere fact of its having been written on a detached piece of paper, and not "entitled," though a loose and irregular mode of procedure, in such cases, is not so, to such an extent, as to authorize this court to say, that the court below should have sustained the exceptions of the plaintiffs in error, taken to the affidavit on this account.

2. It is evident, from both the letter and tenor of the declaration in this case, that it was intended to be an ordinary suit, by the drawer of the bill of exchange, against an acceptor, after its presentment to, and refusal to be paid by the acceptor, and after its return to, and payment by the drawer, in accordance with the law merchant. There can be no doubt, but that such an action will lie under the law merchant, and we know of no provision of our statute which changes that law, to the extent of rendering the action questionable with us. It was, therefore, proper for the

defendant in error in this cause, not only to produce, but to read the bill, and the acceptance thereon endorsed, as a part of his evidence, to sustain his action. We will consider of this branch of the subject more fully, when we come to consider and dispose of the third error assigned. We, therefore, hold that the court below did not err in permitting the defendant in error to read the bill sued on, and the acceptance thereon endorsed, on the trial.

3. We have said, that an action will lie, at the suit of a *drawer*, against an *acceptor*, under the facts stated in the preceding head, and we are sustained in this, by both principle and authority. See 1 *Saunders Pl. & Ev.* 513; *Symmond vs. Parmintu*, 1 *Wils.* 185; *Bayley on Bills* 392; *Chitty on Bills* 304; *Smith vs. Bryan*, 11 *N. C. Rep.* (*Iredell*,) 419; *Benjamin vs. Tilman*, 2 *McLean's Rep.* 213.

By the law merchant, when the drawer of a bill, payable to the order of a third person, and returned and taken up by him, sues the acceptor, he must, if denied, prove the acceptance. See 1 *Saunders Pl. & Ev.* 493, 503. He must prove the presentment of the draft to the acceptor, and his refusal to pay. This may be done by calling the person who presented the bill, or else by proving a promise by the defendant to pay, as that will dispense with the proof of the presentment. In such a suit, the return of the bill to the drawer, and his payment of it must be proved, in order to show that the right of action thereon, was vested in him. See the reference we have made to 1 *Wils.* 185; *Pfiel vs. Van Catenburg*, 2 *Camp.* 439; 1 *Saunders Pl. & Ev.* 513.

And such we hold the law to be, in this State, in such cases: except, that *here*, it would not be necessary for the plaintiff to prove the acceptance of the bill, unless that fact were denied by the acceptor by plea, verified by affidavit, under our statute.

In *Smith vs. Bryan*, 11 *N. C. Rep.* 419, before referred to, and a case very similar in its facts, to the one we are considering, RUFFIN, C. J., in delivering the opinion of the court, said: "But when the drawer brings suit on the bill, the declaration states,

not only the drawing of the bill, and its acceptance, and the non-payment by the defendant, but that the plaintiff thereby became liable as drawer, and paid it.  It is, therefore, indispensible on such a count, to prove the payment of the bill, or, at least, to prove the payee's name, in blank, on the bill, as an authority to fill up a receipt to the plaintiff for its amount: for the mere possession of the bill, payable, and therefore belonging to a third person, is not evidence that the drawer has got it up by paying it, so as to entitle him to sue on it.  If a bill be payable to the drawer's own order, and he transfers it by endorsement, and afterwards becomes holder again, he may then have an action on it against the acceptor, because, by the possession, he stands, *prima facie,* on his original rights," &c.  *  *  *  *  *  *

" But, it is otherwise between the drawer and the acceptor of a bill, payable to another; for the drawer has no original right to the instrument against the acceptor, but only the right arising out of his secondary liability, in the event of non-payment by the acceptor, on *due presentment.*  Hence, the necessity, as before mentioned, that the drawer should show such failure by the acceptor, and that he, the drawer, paid the money, in order to entitle him to sue on the bill."

We have thought proper to say this much in reference to the averments that a declaration should contain, founded on a cause of action, such as the one before us, and the proof necessary to support such action, with the view and hope of making ourselves understood in reference to the competency of the bill, as evidence, in part, to enable the defendant in error to support his action, the bill itself, with the acceptance thereon endorsed, being an important link in the chain of testimony, which, to entitle the party to a recovery, must be connected and unbroken in all its parts.

The plaintiffs in error, having only excepted during the progress of the trial, to the ruling of the court below, in permitting the defendant in error to read the bill sued on, as a part of his evidence, to support his action, (and we have held that ruling right,) and not having, after all the evidence was submitted to

the court, sitting as a jury, and after the finding of the court in favor of the defendants in error, upon that evidence, moved for a new trial, we cannot, consistently, with the recent decisions of this court, consider whether or no, there was any other evidence adduced on the part of the defendant in error, in addition to the bill and its acceptance endorsed, notwithstanding the bill of exceptions copied in the transcript, affirmatively shows, that none other was, in point of fact, offered; for the practice of this court, and consequently the law, is, in the language of WATKINS, C. J., in *State Bank vs. Conway*, 13 *Ark. Rep.* 354, 355, "That if a party merely excepts to the finding of the court or jury, setting out the testimony, without any motion for a new trial, or without any exception, whereby he shall put his finger upon the alleged error of law, as to any ruling or decision of the court below, there is no case presented for the consideration of this court." And to the same purport, is the opinion of Mr. Justice SCOTT, in *Jones et al. vs. Gatlin*, 16 *Ark. Rep.* 35.

In the case before us, no other question or point of law, was saved during the progress of the trial, after the exception was taken to the admission of the bill as evidence for the defendant in error, and as we have before remarked, no motion for a new trial was made after the evidence was concluded, and the finding of the court thereon pronounced. The exception was to the finding of the court, upon the evidence offered, and the party excepting, in the very expressive language of the learned Chief Justice, just quoted: "did not put his finger upon the alleged error of law," committed by the court, in the finding upon the facts.

Wherefore, upon the transcript as it stands, divested as it should be, of every fact brought upon the record by the bill of exceptions, after the admission of the bill of exchange sued on, we shall be compelled to affirm the judgment of the court below.

Let the judgment of the Sebastian Circuit Court be affirmed at the costs of the plaintiffs in error.

Absent, Mr. Justice SCOTT.