Ilsley J.
The plaintiff-, seeks,-,in this action, to obtain a retransfer of certain lands in the petition described, in virtue of a private, writing or 09pnter.-let.ter,.bearing date the 22d April,T837, and claims rents, etc., flSSW,
A; judgment.-by default was taken, which,on motion, was set aside, and .the,tdefendanl; .had.leave to file a peremptory exception, that the petition e.£hibi,ted no, cause of- action.'
ii;!35i§l,Iessp1epjion,-.was maintained, and, on appeal to this court from the judg,mentTdi?missing the action, it was'reyersed.
The case,was remanded to the lower court for further proceedings according,,-to law,i the Court observing, that ?‘as there was no defence filed to .the action,., except the 'exception, it would permit it to stand as an answer.”-.,-
cr.-’9,h-)%Siií0tuíFn.oí the case to the lower court, the defendant filed on the 12th May, 1860, with the clerk, without leave of Court, an answer.
f ..¿Exceptions,having been, taken by. the plaintiff, that the defendant could only fiie: an. amended answer; that it had been filed out of term without leave; that,it changed the,issues by withdrawing admissions made by the 0Úgi'PaLahsXer,;' the..same, were overruled, and on motion of the defendant’s attorneys, it was ordered that his answer, filed on the 12th inst., (May) be .allowed to be filed,, and considered asan amended answer, with the plea, of-, reconvention therein.
*429 The amended answer of the 12th May, 1860, contained a general denial; and a reconventional dem md against the plaintiff, executrix, for the half of the notes arising from the sale of the property referred to in the petition. as owned in common by Lea and Terry. Thereconventional demand was afterwards dismissed, and defendant says need not be noticed.
There was also a plea of prescription, which we may say now cannot be sustained.
The defendant also filed a peremptory exception, that the plaintiff was without right to stand in judgment, and had no interest in the subject-matter of the suit, because the land in controversy had beén long since sold to other parties.
This peremptory exception was excepted to by the plaintiff, on the ground that it changed the substance of the defence, and permitted Terry to withdraw admissions already made in the pleadings.
The Court ordered the peremptory exception of want of interest to be tried with the merits.
The case came on for trial on the 18th October, 1865. There was a verdict and judgment for defendant, from which the plaintiff prosecutes this appeal. The first question to be examined is, was the plaintiff without right to stand in judgment, and had she, as executrix, any interest in tho subject-matter of the suit, as the land had, prior to the bringing of the suit, been sold to other parties? It appears that on the 9th September, 1858, the plaintiff, in her capacity of executrix, filed a petition in the Succession of Franklin W Lea, asking for a sale of certain lands as property of the succession, including the several tracts now in controversy. The sale was ordered by the court on the same day, and by the return it appears that the sheriff made the. sale on the 16th October, 1858; that the lands in controversy were adjudicated to James Barrow, and that the proceeds of sale were paid over to D. N.Hennen, then, as now, the counsel for plaintiff.
The defendant’s exception of want of interest was filed on the 16th of October, 1860. On the 9th February, 1861, James Barrow made a notarial declaration that the land adjudicated to him was, at the time of the adjudication, in the possession of Terry, the defendant, claiming the same as owner, under a sale from Franklin W. Lea to him, of date 26'th May', 1837, and that with his, Barrow’s, full approbation and consent, said adjudication was deemed null and void and of no effect, and rescinded.
It is not necessary to determine the legal value of this notarial act of retrocession from Barrow to the estate of Franklin W. Lea. It suffices ■that his succession was Barrow’s warrantor, when the suit was instituted. Arts. 2602, 2477, C. C. 7 La. 123. 2 Bob. 188. The plaintiff was, therefore, not without interest, as the object of the action was to put the title in a shape to satisfy the warranty.
The exception, therefore, on that score, was untenable. The important question, presented in different forms during the progress of the suit, was whether the paper styled a peremptory exception, that “ the petition exhibited no cause of action,” was an answer to the merits, as it was deemed to be by this Court on the first appeal.
The opinion of the Court that it was an answer, rested on the decision in the case of the Citizens’ Bank v. Beard, 5 A. 41, analogous to this one, *430 The ruling of the Court,.in both the cases in 5 A. 41 and 15 A. 160, is apparently in conflict with two earlier cases, (the only two out of the many decisions to which our attention is called) which involve precisely the same question, viz: that of Loring v. Kimball, 15 La. 200, and Lejune v. Hebert, 6 Rob. 421.
After an .examinatian of the question, which we have duly considered, we have come to the conclusion that the rule of practice as enunciated in ■the later cases is, under our system of pleading, the correct one. Article '314, 327, Code of Practice. Vavassion v. Bayon, 11 Martin, O. S. 640.
The exception is therefore considered by us as it was by our predecessors, an1 answer to the plaintiff’s petition.
The variance alleged in the exception between the date of the counter-letter and the act of sale, did not render it necessary for the plaintiff to reconcile it by other proof than that furnished by the answer. The counter-letter was merely referred to as proof, and as was said by this Court in this case, the defendant, by admitting the truth of the allegations in the plaintiff’s petition, has, as the case stands, relieved her of the necessity of offering the counter-letter, or making any other proof.
■ This view of the ease disposes of all the lateral questions, tending to this one point.
: No allegation of the petition was denied by the answer, and no proof was therefore required to sustain the allegations of the petition. See 14 A. Aiken v. Bedford, 4 N. S. 16. Austin et al. v. Latham, 19 La. 90.
There was an amended petition, increasing the demand for waste committed, rents and profits, to twenty thousand dollars, but no proof is found in the record to sustain that new demand, which is not now passed on.
The verdict of the jury must be set aside, and the judgment of the •District Court thereon reversed.
It is therefore ordered, adjudged and decreed that the verdict of the jury be set aside, and the judgment of the District Court rendered thereon be annulled, avoided and reversed; and it is further ordered, adjudged and decreed that the defendant, John Orin Terry, do reconvey to the plaintiff, as executrix of the last will of Franklin W. Lea, all and singular, the lands which had been transferred to the said John Orin Terry by Franklin W. Lea, by notarial act of sale passed before Lyman Briggs, Judge of the parish of St. Tammany, on the twenty-second day ■ qf October, in the year one thousand eight hundred and thirty-six, and ’which said lands are fully described in the plaintiff’s petition, as follows:
1. “A tract of land containing 640 acres, lying in the parish of St. Tammany, on the east side of the river Tangipaho, near the mouth of "the creek called Washby, acquired by said Lea through William Bowman, of Joseph and John N. Slater, being the same granted by the United •States to the said Joseph Slater, as section 40 of township 6, south, range 8 east; and section 37 of township 6, south, range 9, east.
' 2. “A tract of land of 640 acres, situated in, the parish of Livingston, 'fronting on Tangipaho river, adjoining the town of Uncle Sam, and known as the Durbin place, under the certificate granted to the said Jeremiah Durbin, of date July 27, 1824, and numbered 175, of which said •lands, the Succession of FranJclinW,. Lea, or any lawful transferee from *431 the said succession, is now hereby declared to be the true and lawful owner.
It is further ordered, that judgment be and it is hereby rendered in'favor of the plaintiff, in her capacity of executrix of 'the will óf Franklin'1. W. Lea, and against the defendant for the sum of two thousand dollars,' as rents and profits of the said lands; and, finally, it is ordered that the defendant pay the costs in both courts.