The Fremont Cultivator Company *v.* Fulton *et al.*

No. 12,204.

THE FREMONT CULTIVATOR COMPANY *v.* FULTON ET AL.

ATTACHMENT.—*Affidavit.—Motion to Quash.*—Where, in attachment proceedings, the affidavit upon which the writ rests is insufficient, a motion to quash should be sustained, even though the motion does not specifically and with certainty point out any defects in the affidavit.

SAME.—*Sufficiency of "Affidavit in Attachment and Garnishment."*—Where an affidavit, endorsed " affidavit in attachment and garnishment," and filed with a complaint, contains, in addition to what is necessary to procure a summons in garnishment, all that is necessary in an affidavit for attachment, it will subserve both purposes, and uphold a writ of attachment.

SAME.—*Nature of Claim.*—An affidavit in attachment, stating that " the claim in this action is for money due on three promissory notes, copies of which are filed with the complaint, executed by the defendants to the plaintiff, that the claim is just, and that he believes the plaintiff ought to recover," etc., sufficiently describes the nature of the plaintiff's claim.

SAME.—*Statute Construed.*—*Agent, Attorney or Officer.*—*Presumption.*—A recital in an affidavit in attachment, that " The plaintiff's acting secretary, S. B., being duly sworn, upon his oath says," etc., is sufficient, the statute, R. S. 1881, section 916, not requiring a sworn statement that the affiant is the agent, attorney or officer of the plaintiff, and that he makes the affidavit in his behalf; and, in the absence of any showing to the contrary, that the affidavit is made in behalf of the plaintiff will be presumed from the fact that it is made by such agent, attorney or officer.

From the Jay Circuit Court.

*S. W. Haynes, W. E. Cox, W. A. Thompson, J. W. Thompson, J. W. Headington* and *J. J. M. LaFollette,* for appellant.

*D. T. Taylor, J. M. Smith, T. Bailey, R. S. Gregory* and *A. C. Silverburg,* for appellees.

ZOLLARS, J.—Appellant brought this action upon three promissory notes executed to it by appellees, one of which was due, and two of which were not due. At the same time the complaint was filed, two affidavits were filed. One, in the form of an affidavit in attachment, seems to have been upon the same paper with the complaint. In relation to the other, the record as made by the clerk states : " Said plaintiff

also filed the following affidavit in attachment and garnish-ment." The statements in the bill of exceptions filed below and copied into and made a part of the record here, in rela-tion to this affidavit, are, that the plaintiff, by its attorneys, "filed also its affidavit in attachment and garnishment for process of garnishment." A proper bond and undertaking was also filed at the same time.

It is further stated in the bill of exceptions, "that after the filing of the complaint, affidavits and undertaking,* * * the clerk issued writs of attachment and garnishment in said proceeding and suit." These writs were served, and a large amount of property was attached and taken into the custody of the sheriff.

In relation to the appearance by appellees in the court be-low, the statement in the record is, "Come the plaintiff by counsel, and come Messrs. Taylor, Smith and Bailey, and en-ter an appearance for the defendants in this action. Said at-torneys also enter a special appearance to the attachment proceedings." Following this, appellees filed an affidavit of the non-residence of appellant, and moved for a rule upon it to file a bond for costs. A day later, appellees moved the court "to set aside and quash the writ of attachment and proceedings thereunder, for the reason that the affidavit filed by the plaintiff to procure said writ to be issued by the clerk is wholly insufficient." This motion was sustained, and ap-pellant by counsel excepted. Afterwards, appellees filed an answer to the complaint, the cause was submitted to the court, a judgment was rendered in favor of appellant for the amount of the note due, and a finding was made, descriptive of the notes not due. On motion of appellees, the court ordered a restitution to them of the goods attached. To this, appel-lant, by counsel, again excepted.

Appellant has brought up the entire case by this appeal, and although there was no motion for a new trial below, the record and proper assignments here present for review the ruling of the court below in setting aside and quashing the

writ of attachment, and in ordering a restitution of the attached property.

It is contended by appellant's counsel, that it was error to entertain and sustain appellees' motion to quash the writ of attachment, because the right to make and insist upon such a motion was waived by an appearance to the action.

We need not decide, or intimate here, what might constitute such a waiver. It is a sufficient answer to appellant's contention, that the record shows but a special appearance to the attachment proceedings.

It is further contended, that it was error to sustain the motion to quash, because it does not specifically point out the supposed defects in the affidavit upon which the writ rested. That kind of an objection might be available had the motion been overruled and the other side were complaining.

If there was no sufficient affidavit, the court properly sustained the motion to quash the writ, although it be conceded that the motion to quash it does not specifically and with certainty point out any defects in the affidavit.

The affidavit upon the same paper with the complaint, and called an affidavit in attachment, we think, is too indefinite and uncertain to meet the requirements of the statute.

As we have seen, there is a second affidavit, filed at the same time, and before the writ of attachment was issued. This the clerk calls an affidavit in attachment and garnishment, and such was the endorsement on the back of the paper by appellant's counsel. It is stated in the bill of exceptions, giving the paper the same name, that it was filed for process of garnishment. It is argued by counsel for appellant, that the writ of attachment may be made to rest upon this affidavit, which they assume is sufficient. This position is combatted by appellees, although they do not seem to so seriously question the sufficiency of that affidavit. Their position is, that in the natural order of things under the statute, the affidavit and writ in attachment precede the affidavit and writ in garnishment; that it should be presumed that the clerk

pursued that order, and that hence the court could not, and can not, in order to uphold the writ in attachment and the proceedings under it, look to the affidavit denominated· an affidavit in attachment and garnishment. It must be remembered, however, that the record shows affirmatively that this affidavit was on file before and at the time the writ of attachment was issued. That being the case, we know of no valid reason why that writ may not be made to rest upon and be upheld by that affidavit, if, in addition to what is necessary to procure a summons in garnishment, it also contains all that is necessary in an affidavit for attachment. We know of no reason why, in every case, the affidavit for attachment and garnishment may not be combined in one, upon the same paper.

It has been held that a complaint containing also what is required in an affidavit for attachment, if sworn to, may subserve the purposes of a complaint and the required affidavit for attachment. *Dunn* v. *Crocker*, 22 Ind. 324; Waples Attachment, 84; *Miller* v. *Chandler*, 29 La. An. 88. See, also, where the same rule is applied in actions of replevin, *Cox* v. *Albert*, 78 Ind. 241 ; *Watts* v. *Harding*, 5 Texas, 386.

In this last case the court said : " The petition is sworn to, by the petitioner ; and the objection, that it is not sworn to, in a separate affidavit, does not seem well taken ; all that is required by the statute, is, that those facts shall be sworn to, before an attachment shall issue." See, also, *Kinney* v. *Heald*, 17 Ark. 397.

Our statute requires the statement of certain things and facts under oath before the writ of attachment may issue, and if that kind of an affidavit is made in the case, and lodged with the clerk before the writ is issued, it would seem that that should be sufficient, although combined with an affidavit for garnishment. The law regards the substance more than form or name. When we look to the affidavit here denominated an affidavit in attachment and garnishment, we find the following portion to be all that needs to be set out here, viz.:

" The plaintiff's acting secretary, Samuel Brinkerhoof, being duly sworn, upon his oath says, that the claim in this action is for money due on three promissory notes, copies of all of which are filed with the complaint, executed by the defendants to the plaintiff; that the claim is just, and that he believes the plaintiff ought to recover $523.80," etc. We think that this sufficiently describes the nature of the plaintiff's claim. *Theirman* v. *Vahle*, 32 Ind. 400.

The statute requires that in order that a writ of attachment may issue, "The plaintiff, or some person in his behalf, shall make an affidavit showing—*First.* The nature of the plaintiff's claim. *Second.* That it is just. *Third.* The amount which he believes the plaintiff ought to recover. *Fourth.* That there exists in the action some one of the grounds for an attachment above enumerated." R. S. 1881, section 916. The statute, it will be observed, requires that the affidavit shall be made by the plaintiff or some person in his behalf, but it does not, in affirmative and explicit terms, provide that it shall be made to appear in the affidavit, either by way of recital or in such a manner as to be sworn to, that the affiant makes the affidavit in behalf of the plaintiff.

It will be observed here, that the portion of the affidavit in relation to Brinkerhoof being the plaintiff's acting secretary is by way of recital, and is not a portion of the affidavit sworn to. Brinkerhoof does not swear that he makes the affidavit in the plaintiff's behalf, nor does he swear that he is the plaintiff's acting secretary. That he was such secretary is stated by way of recital, and precedes the facts sworn to; and that he made the affidavit in the plaintiff's behalf can only be known, if at all, by inference from the recital that he was its acting secretary. Is that sufficient? In the case of *Abbott* v. *Zeigler*, 9 Ind. 512, the affidavit was "William H. Mallory, attorney for the plaintiffs, says," etc.

The only question that seems to have been made was, as to whether or not the attorney in the case could make the affidavit. That seems to have been the only question con-

sidered; and that he could, seems to have been the only question decided. Therefore, the only force of the case is, that the affidavit, made as it was, passed the scrutiny of the court without condemnation, because it was not shown in a different and more positive manner, that Mallory was the plaintiff's attorney, and made the affidavit in the plaintiff's behalf. The case, however, is in harmony with a line of cases which hold that where a statute authorized the affidavit to be made by an agent or attorney of the plaintiff, the fact that the affiant is such agent or attorney may be stated in the affidavit by way of recital, and need not be sworn to, and that the authority of such agent or attorney, and the fact that he acts in behalf of the plaintiff, will be presumed from such recital. *Wetherwax* v. *Paine,* 2 Mich. 555; *Mandel* v. *Peet,* 18 Ark. 236. It seems to have been held in this case that these facts need not appear in the affidavit, even by recital.

Other cases hold that if the affidavit in attachment be made by an attorney in the main case, that will be sufficient, without even a recital in the affidavit that he makes it as the attorney of the plaintiff. *Gilkeson* v. *Knight,* 71 Mo. 403; *Austin* v. *Latham,* 19 La. 88.

On the other hand, it has been held that the court will not assume nor presume that the person making the affidavit is the attorney in the main case, simply because of the same name, and that hence it must appear upon the face of the affidavit that the affiant is the agent, attorney or officer of the plaintiff, either by a recital or by a sworn statement of that fact. *Willis* v. *Lyman,* 22 Texas, 268; *Wallace* v. *Byrne,* 17 La. An. 8.

And still further, it is held by the Supreme Court of Wisconsin, under a statute like ours, that a mere recital in the affidavit that the affiant is the agent, attorney or officer of the plaintiff, and makes the affidavit in his behalf, is not sufficient, and that the affidavit must contain a sworn statement that the affiant makes it in behalf of the plaintiff. *Miller* v. *Chicago, etc., R. W. Co.,* 58 Wis. 310.

Inasmuch as our statute does not provide that it shall appear by a sworn statement in the affidavit in attachment, that the affiant is the agent, attorney or officer of the plaintiff, and makes the affidavit in his behalf, we have concluded to adopt a middle ground between the extremes, ruled in the above cases, and hold that a recital in the affidavit that the affiant is such agent, attorney or officer is sufficient; and that the affidavit is made in behalf of the plaintiff should be presumed, in the absence of something to the contrary, from the fact that it is made by such agent, attorney or officer. Measured by this rule, the affidavit in this case, denominated an "affidavit in attachment and garnishment," is sufficient. The plaintiff is a corporation. It is recited in the affidavit that the affiant is its secretary. This is sufficient evidence, *prima facie*, that he was its secretary at the time the affidavit was made. And being such secretary, and making the affidavit as such, it will be presumed, in the absence of anything to the contrary, that he made the affidavit in the plaintiff's behalf.

It follows from the conclusions we have reached, that the learned judge below erred in setting aside and quashing the writ of attachment. The judgment is, therefore, reversed, at appellees' costs, and the cause is remanded, with instructions to the court below to overrule the motion to set aside and quash the writ of attachment, and to proceed with the case in accordance with this opinion.

